ROBERT H. ROTSTEIN (SBN 72452)
rxr@msk.com
ELAINE K. KIM (SBN  242066)
ekk@msk.com
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, California 90064-1683
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Plaintiffs
MGM Television Entertainment Inc.,
Orion Pictures Corporation, and
PFE Library Acquisition Company, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MGM TELEVISION ENTERTAINMENT INC.; ORION PICTURES CORPORATION; PFE LIBRARY ACQUISITION COMPANY, INC., <br><br> Plaintiffs, <br><br> v. <br><br> EARL M. RAUCH (A/K/A EARL MAC RAUCH); WALTER D. RICHTER, <br><br> Defendants. | CASE NO.  2:16-cv-8775 <br><br> **COMPLAINT FOR:** <br><br> **(1) DECLARATORY JUDGMENT OF COPYRIGHT OWNERSHIP (COUNTS I THROUGH III);** <br><br> **(2) DECLARATORY JUDGMENT THAT DEFENDANTS' OWNERSHIP CLAIMS ARE BARRED BY THE STATUTE OF LIMITATIONS (COUNT IV);  AND** <br><br> **(3) DECLARATORY JUDGMENT THAT DEFENDANTS' OWNERSHIP CLAIMS ARE BARRED BY ESTOPPEL (COUNT V)** |

Plaintiffs MGM Television Entertainment Inc., Orion Pictures Corporation, and PFE Library Acquisition Company, Inc. allege against Defendants Earl M. Rauch and Walter D. Richter, as follows:

Mitchell
Silberberg &
Knupp LLP

8397672.1

1

## NATURE OF ACTION

1.      This action arises out of Defendants' campaign to sabotage Plaintiff MGM Television Entertainment Inc.'s ("MGM") plans to develop, produce, and distribute a television series based upon the screenplay and 1984 motion picture *The Adventures of Buckaroo Banzai Across the 8th Dimension*, and the characters, plots, themes, dialogue, mood, settings, pace, sequence of events, and other protected elements therein ("*Buckaroo Banzai*").  Plaintiffs MGM, Orion Pictures Corporation ("Orion"), and PFE Library Acquisition Company, Inc. ("PFE") are the legal and beneficial owners of the copyright to *Buckaroo Banzai*, including the right to adapt the screenplay, motion picture, and elements therein in a new television series.  Plaintiffs' predecessor-in-interest registered the copyrights to the *Buckaroo Banzai* screenplay (Pau 555-142) and motion picture (PA 224-582) with the United States Copyright Office in 1983 and 1984, respectively.  However, over two decades later, Defendants have now asserted in multiple letters to Plaintiffs that they, not Plaintiffs, supposedly own the exclusive right to produce and distribute a *Buckaroo Banzai* television series.  In addition, Defendants' counsel has contacted MGM's business associates in the television series endeavor and falsely asserted that Plaintiffs do not have the right to produce the series.  Even worse, Defendants have taken their bogus story to the press, falsely claiming that Plaintiffs do not own the rights to *Buckaroo Banzai* and trying both to squelch the television series endeavor and to poison the goodwill that fans of *Buckaroo Banzai* have for MGM's new project.

2.      There is now a substantial controversy between the parties with great immediacy.  MGM seeks to develop its new television series without Defendants' interference.  Accordingly, Plaintiffs bring this action to seek a declaration of the rights and legal relations of the parties with regard to *Buckaroo Banzai*.

Mitchell
Silberberg &
Knupp LLP

2

COMPLAINT FOR DECLARATORY JUDGMENT

8397672.1

**THE PARTIES**

3.     Plaintiff MGM Television Entertainment Inc. is a Delaware corporation with its principal place of business at 245 N. Beverly Dr., Beverly Hills, CA 90210.  MGM Television Entertainment Inc. is an indirect, wholly-owned subsidiary of MGM Holdings Inc., a leading entertainment company focused on the global production and distribution of film and television content.

4.     Plaintiff Orion Pictures Corporation is a Delaware corporation with its principal place of business at 245 N. Beverly Dr., Beverly Hills, CA 90210.  Orion Pictures Corporation is an indirect, wholly-owned subsidiary of MGM Holdings Inc.

5.     Plaintiff PFE Library Acquisition Company, Inc. is a Delaware corporation with its principal place of business at 245 N. Beverly Dr., Beverly Hills, CA 90210.  PFE Library Acquisition Company, Inc. is an indirect, wholly-owned subsidiary of Orion Pictures Corporation.

6.     On information and belief, Defendant Earl M. Rauch (a/k/a Earl Mac Rauch) is currently domiciled in the State of Texas.  Plaintiffs' predecessor-in-interest hired Rauch to write the screenplay for *Buckaroo Banzai*.  He did so pursuant to a work-for-hire contract through his "loan out" company, Johnny B. Good, Inc. ("JBG").  Rauch was at all relevant times the alter ego of JBG.  The contract expressly provided that Metro-Goldwyn-Mayer Film Company, Plaintiffs' predecessor-in-interest, was the sole and exclusive owner of the copyright to *Buckaroo Banzai*, and also contained an assignment of all exclusive rights under copyright to Metro-Goldwyn-Mayer Film Company.  On information and belief, at the time that the work-for-hire contract was entered into and *Buckaroo Banzai* was made, Rauch resided in this District and JBG's principal place of business was in this District.

Mitchell
Silberberg &
Knupp LLP

3

COMPLAINT FOR DECLARATORY JUDGMENT

7.     On information and belief, Defendant Walter D. Richter is currently domiciled in the State of Vermont.  Richter directed the *Buckaroo Banzai* motion picture pursuant to a work-for-hire contract with Plaintiffs' predecessor-in-interest through his "loan out" company, Harry Bailly Productions, Inc. ("HBP").  Richter was at all relevant times the alter ego of HBP.  The contract expressly provided that Plaintiffs' predecessor-in-interest was the sole and exclusive owner of the copyright to *Buckaroo Banzai*, and also contained an assignment of all exclusive rights under copyright to Plaintiffs' predecessor-in-interest.  On information and belief, at the time that the work-for-hire contract was entered into and *Buckaroo Banzai* was made, Richter resided in this District and HBP's principal place of business was in this District.

## JURISDICTION AND VENUE

8.     This Court has subject matter jurisdiction under the Copyright Act, 17 U.S.C. § 101 *et seq.*, and under 28 U.S.C. §§ 1331, 1338 and 2201.  This case involves the interpretation and scope of the Copyright Act of 1976, 17 U.S.C. § 106.  In addition, this Court has diversity jurisdiction over the present action pursuant to 28 U.S.C. § 1332(a)(1).  There is complete diversity in citizenship between Plaintiffs and Defendants, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

9.     This Court has personal jurisdiction over Defendants in that Defendants have engaged in transactions within California, by which they purposefully availed themselves of the privilege of conducting activities in California, and which conduct gave rise to the claims in this action.  Among other things, Defendants are bound by contracts entered into in California and containing California choice-of-law provisions.

Mitchell
Silberberg &
Knupp LLP

8397672.1

4

COMPLAINT FOR DECLARATORY JUDGMENT

10.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 and § 1400(a) in that, among other things, a substantial part of the events or omissions giving rise to the claims in this lawsuit, as well as substantial injury to Plaintiffs, have occurred or will occur in this District as a result of Defendants' acts, as alleged in detail below.

**FACTUAL BACKGROUND**

**Plaintiffs' Ownership of *Buckaroo Banzai***

11.     The *Buckaroo Banzai* motion picture, released in 1984, is a comedic science-fiction story starring Peter Weller, Ellen Barkin, John Lithgow, Jeff Goldblum, and Christopher Lloyd.  The protagonist, Buckaroo Banzai, is a scientist, neurosurgeon, and rock-and-roll guitarist/singer.  With the help of his bandmates, a group of friendly aliens, and a woman he falls in love with (who turns out to be his dead wife's twin sister), Buckaroo Banzai saves Earth from malevolent aliens who are posing as industrialist military contractors.  At the end of the film, the screen informs the audience that a sequel will be coming by displaying the following message:  "WATCH FOR THE NEXT ADVENTURE OF BUCKAROO BANZAI - BUCKAROO BANZAI AGAINST THE WORLD CRIME LEAGUE."

12.     Defendant Earl Mac Rauch wrote the screenplay for the 1984 *Buckaroo Banzai* motion picture.  Rauch, and his loan-out company JBG, entered into multiple contracts related to his work on the screenplay.

(a)     In a memorandum agreement dated April 9, 1981, a copy of which is attached hereto as **Exhibit 1**, Rauch and his loan-out company agreed that the "standard terms" of Metro-Goldwyn-Mayer Film Company, Plaintiffs' predecessor, would apply to the *Buckaroo Banzai* project.

Mitchell Silberberg & Knupp LLP

5

COMPLAINT FOR DECLARATORY JUDGMENT

(b)   In a "long-form" agreement also dated April 9, 1981, a copy of which is attached hereto as **Exhibit 2**, Rauch and his loan-out company agreed that Rauch would write and deliver a screenplay to Metro-Goldwyn-Mayer Film Company "based upon an original story idea by Writer currently entitled 'Buckaroo Banzai.'" The long-form agreement also incorporated the "Standard Terms" and attached them as Exhibit A.

(c)   Attached to the long-form agreement, behind the Standard Terms, was an "Agreement of Writer," signed personally by Rauch on or about September 9, 1981. In this document, Rauch agreed that JBG had "the right to enter into said agreement and to grant all rights therein granted…." Rauch also agreed "to perform said agreement in all respects…." Rauch also agreed that he was "bound by all of the provisions [of the agreement] related to [Rauch]."

(e)   Paragraph 7 of the Standard Terms states that Metro-Goldwyn-Mayer Film Company "shall be the sole and exclusive owner of the work, in whatever stage of completion it may be from time to time, including but not limited to the copyright thereof and all renewals and extensions and rights of renewal and extension of copyright, and of sole and exclusive rights throughout the world perpetually of production, recordation, public performance, broadcasting, television and reproduction by any method, whether such work consists of literary, dramatic, musical, or other material and without obligation to pay any fees, royalties or other amounts except those expressly provided for in this agreement and in the Basic Agreement. [JBG] hereby assigns all such rights to [Metro-

Mitchell
Silberberg &
Knupp LLP

8397672.1

6

COMPLAINT FOR DECLARATORY JUDGMENT

1    Goldwyn-Mayer Film Company] without condition, reservation or

2    limitation."

3    (f)    Paragraph 7 of the Standard Terms also required Rauch to sign,

4    upon request, a "certificate in substantially the following form: 'I

5    hereby certify that I wrote the work identified as [*Buckaroo*

6    *Banzai*] as an employee for hire of Metro-Goldwyn-Mayer Film

7    Co. pursuant to a certain loanout agreement …. I acknowledge that

8    Metro-Goldwyn-Mayer Film Co., is the owner of all rights in said

9    work, and of the copyright thereof and of all renewals and

10   extensions and rights of renewal and extension of such copyright,

11   and has the right to make such changes therein and such uses

12   thereof as it may determine." Further, Paragraph 4 of the Standard

13   Terms required Rauch to make "such changes as may have been or

14   as may be requested" to the screenplay.

15   (g)    In Paragraph 8 of the Standard Terms, Rauch and JBG represented

16   and warranted that Metro-Goldwyn-Mayer Film Company's use

17   of *Buckaroo Banzai* "in any form, adaptation or version" would

18   not "infringe any copyright, literary, dramatic, photo-play or

19   common law rights of any person, firm or corporation…." Rauch

20   and JBG also represented and warranted "that no incident therein

21   or part thereof is or shall be taken or copied from or based upon

22   any other source…."

23   (h)    Pursuant to this agreement, Rauch signed a "Certificate of

24   Authorship," a copy of which is attached as **Exhibit 3**. In the

25   Certificate of Authorship, Rauch agreed that Metro-Goldwyn-

26   Mayer Film Company's successor-in-interest, Days Picture

27   Corporation (which was a wholly owned subsidiary of United

28   7

Mitchell
Silberberg &
Knupp LLP

8397672.1

Artist Corporation, which was itself a wholly owned subsidiary of Metro-Goldwyn-Mayer Film Company), owned "all literary material (the 'Material') submitted, and to be submitted, by [Rauch] in connection with a motion picture tentatively titled 'SHIELDS AGAINST THE DEVIL' aka 'BUCKAROO BANZAI'" and that all such literary works "were written and/or will be written by [Rauch] as an employee for hire of [Days Picture Corporation] and that the Material was written or created and will be written or created by [Rauch] as a work made for hire specially ordered or commissioned by [Days Picture Corporation] for use as part of a motion picture, with [Days Picture Corporation] being deemed the author of the Material and entitled to the copyrights (and all extensions and renewals of copyrights) therein and thereto, with the right to make such changes therein and such uses thereof as [Days Picture Corporation] may from time to time determine as such author."

13.    Defendant Walter D. Richter directed the 1984 *Buckaroo Banzai* motion picture.  Richter, and his loan-out company, HBP, entered into multiple contracts related to his work on the motion picture.

(a)    Like Rauch, Richter and his loan-out company entered into a memorandum agreement regarding *Buckaroo Banzai* dated April 10, 1981, a copy of which is attached hereto as **Exhibit 4**.  In that memorandum agreement, Richter and his loan-out company agreed to Metro-Goldwyn-Mayer Film Company's "standard terms" for directors.  This memorandum agreement states that "[t]he parties intend to enter into a formal agreement incorporating the terms hereof and the parties shall negotiate in good faith with respect to

Mitchell Silberberg & Knupp LLP

8

COMPLAINT FOR DECLARATORY JUDGMENT

the standard terms.  However, until such formal agreement is signed, this deal memorandum shall be deemed a binding agreement upon the parties."

(b)   Pursuant to the terms of the memorandum agreement, a "long-form" "Director Contract – Loanout (Principal Agreement)," a copy of which is attached hereto as **Exhibit 5**, was prepared.  This agreement, which specifically referenced the right to make a "television sequel" based on *Buckaroo Banzai*, was entered into between Sherwood Productions, the successor-in-interest to Metro-Goldwyn-Mayer Film Company, and HBP and Richter.  Consistent with the April 10, 1981 memorandum agreement, it incorporated the Standard Terms as Exhibit A.

(c)   Paragraph A(1) of the Standard Terms states that Sherwood Productions "shall be the sole and exclusive owner of all the results and proceeds of [Richter's] services hereunder, including acts, poses, plays and appearances of [Richter] and all literary, dramatic and musical material, as well as inventions, designs and photographs, drawings, plans, specifications and sound recordings containing all or any part of any of the foregoing written, supplied or improvised by [Richter], whether or not in writing.  The foregoing shall constitute works prepared by [Richter] as an employee of [Sherwood Productions] within the scope of [Richter's] employment hereunder, and accordingly, the parties agree that each and all of the foregoing are and shall be considered 'works made for hire' for [Sherwood Productions]."

(d)   Paragraph A(1) of the Standard Terms also states that Sherwood Productions "is and shall be considered the author of said material

Mitchell
Silberberg &
Knupp LLP

9

8397672.1

for all purposes and the owner of all of the rights comprised of the copyright in and to said material …. [HBP] hereby grants to [Sherwood Productions] all rights which [it] may have in and to all such materials as [Richter's] general employer."

(e)   Paragraph A(2) of the Standard Terms states as follows:  "Without limiting the generality of the foregoing, [HBP] and [Richter] expressly acknowledge that [Sherwood Productions] is, and will remain, the owner of all now or hereafter existing rights of every kind and character whatsoever throughout the world, whether or not such rights are now known, recognized or contemplated …." That Paragraph also states that Sherwood Productions "may add to, subtract from, arrange, rearrange, revise and adapt all such material in any manner…."

(e)   Paragraph S(6) of the Standard Terms states that Sherwood Productions "shall have final approval over all artistic and production elements in connection with the pre-production, production and post production of the Picture…."

(f)   Paragraph S(7) of the Standard Terms states that Sherwood Productions "reserves the complete and unconditional right to cut, edit, add to, subtract from, arrange, rearrange and revise the Picture in any manner [Sherwood Productions] may, in its sole discretion, determine."

(g)   Because Richter also served as a co-producer of the *Buckaroo Banzai* motion picture, he also signed a memorandum agreement dated April 10, 1981 as to those services, a copy of which is attached hereto as **Exhibit 6**.  The parties to the agreement were Metro-Goldwyn-Mayer Film Company, Sidney Beckerman

Mitchell
Silberberg &
Knupp LLP

10

8397672.1

Productions Inc., and Atlantic Films.  Richter signed the contract on behalf of himself and Atlantic Films.  This contract incorporated Metro-Goldwyn-Mayer Film Company's "standard terms" for producers.  This memorandum agreement states that "[t]he parties intend to enter into a formal agreement incorporating the terms hereof and the parties shall negotiate in good faith with respect to the standard terms.  However, until such formal agreement is signed, this deal memorandum shall be deemed a binding agreement upon the parties."

(h)    Pursuant to the terms of the memorandum agreement, a "long-form" "Producer Contract – Loanout (Principal Agreement)," a copy of which is attached hereto as **Exhibit 7**, was prepared.  This agreement, which specifically referenced the right to make a "television sequel" based on *Buckaroo Banzai*, was entered into between Sherwood Productions (the successor-in-interest to Metro-Goldwyn-Mayer Film Company), HBP (Richter's loan-out company), and Lakoda Productions, Inc. (the loan-out company of Richter's producing partner, Neil Canton).  Consistent with the April 10, 1981 memorandum agreement, it incorporated the Standard Terms as Exhibit A.  These terms use the same language quoted above from the Standard Terms for directors.

14.    The *Buckaroo Banzai* screenplay was registered on October 28, 1983 with the United States Copyright Office in the name of Sherwood Productions, Inc. as the employer for hire of Rauch.  The registration certificate is attached hereto as **Exhibit 8**.

15.    The *Buckaroo Banzai* motion picture was registered on September 19, 1984 with the United States Copyright Office in the name of Sherwood

Mitchell
Silberberg &
Knupp LLP

11

8397672.1

1  Productions, Inc. as the author.  The registration certificate is attached hereto as

2  **Exhibit 9**.

3        16.    Plaintiffs are the successors-in-interest to Metro-Goldwyn-Mayer

4  Film Company, Sherwood Productions, Inc., and Days Picture Corporation with

5  respect to all rights in and to *Buckaroo Banzai* and all contracts executed or

6  entered in relation to *Buckaroo Banzai*, including the contracts referenced above.

7        17.    As the successors-in-interest to the contracting parties that hired

8  Rauch and Richter to perform services in connection with *Buckaroo Banzai*,

9  Plaintiffs are the legal and beneficial owners of all exclusive rights under copyright

10  to *Buckaroo Banzai*, including the characters, plots, themes, dialogue, mood,

11  settings, pace, sequence of events, and other protected elements therein.

12        18.    At all relevant times, Plaintiffs' predecessors-in-interest and

13  subsequent assignees had creative control over the *Buckaroo Banzai* project.  They

14  contributed copyrightable elements directly in addition to authoring the motion

15  picture and screenplay as works made for hire.

16

17  ## <u>Defendants' Knowledge That Plaintiffs Claimed Copyright Ownership</u>

18        19.    As discussed above, Defendants agreed in their contracts that

19  Plaintiffs' predecessors-in-interest owned all rights in *Buckaroo Banzai*, and the

20  copyright registrations were made in the name of Plaintiffs' predecessor-in-

21  interest, not in the Defendants' names.  Defendants did not act at that time or for

22  decades thereafter to claim any ownership of *Buckaroo Banzai*.

23        20.    Consistent with Plaintiffs' ownership of *Buckaroo Banzai*, Defendants

24  were aware no later than 2008 that Plaintiffs were pursuing a television series

25  based on *Buckaroo Banzai*.  However, Defendants did not assert any supposed

26  ownership rights or bring any claims.  Plaintiffs thereafter justifiably relied on

27  Defendants' silence and inaction.

28

Mitchell
Silberberg &
Knupp LLP

8397672.1

21.     In August 2011, Defendants' agent, Mark Lichtman, communicated with Plaintiffs, asserting that Defendants had ownership rights in *Buckaroo Banzai*. Plaintiffs expressly repudiated that claim and specifically informed Mr. Lichtman that Plaintiffs possessed all such rights.  A copy of certain correspondence from 2011 is attached hereto as **Exhibit 10**.  Defendants did not file any claims. Plaintiffs thereafter continued to justifiably rely on Defendants' silence and inaction.

22.     On September 13, 2016, Defendants' counsel implicitly admitted in a letter to Plaintiffs' counsel that his clients had prior knowledge of Plaintiffs' position regarding their ownership of *Buckaroo Banzai* as alleged above.  A copy of this letter is attached hereto as **Exhibit 11**.

**Defendants' Attempts to Interfere With MGM's Television Series Project**

23.     On July 25, 2016—following nearly five years of silence after Plaintiffs informed Defendants that Plaintiffs owned all rights in *Buckaroo Banzai*, including the right to create a television series—Defendants' agent, Mark Lichtman, contacted MGM about the new television series, asserting that he thought that Defendants may control certain rights relating to *Buckaroo Banzai*.

24.     On July 27, 2016, Defendants' counsel sent a letter to MGM, asserting that "MGM has no significant rights in BUCKAROO" and claiming that Defendants owned all "underlying rights in the concept, ideas, characters, sequels, remakes or television [series]" for *Buckaroo Banzai*.

25.     Defendants' counsel sent a follow-up email on August 3, 2016, again asserting that his clients owned *Buckaroo Banzai* and that they "are moving forward with their projects regarding Buckaroo Banzai."  Plaintiffs responded that day to inform Defendants' counsel that his assertions were incorrect.  Nevertheless, that same day, Defendants' counsel contacted Amazon Studios, a company that

Mitchell
Silberberg &
Knupp LLP

13

8397672.1

MGM planned to work with in connection with MGM's new *Buckaroo Banzai* television series, and WME Entertainment, the talent agency that represents Kevin Smith, the acclaimed anticipated director of the new television series. Defendants, through their counsel, engaged in these actions in an attempt to interfere with MGM's relationships with these key players in the project by falsely claiming that Defendants, not Plaintiffs, own the rights to create a *Buckaroo Banzai* television series.

26.     On August 10, 2016, Plaintiffs wrote a letter to Defendants' counsel to demand that Defendants cease and desist from engaging in such interference. The next day, August 11, 2016, Defendants' counsel replied, once again asserting that Defendants own *Buckaroo Banzai* and that "[w]hile MGM might have been entitled to produce a photoplay based upon that screenplay," the agreement did not "give MGM any rights to create any other work based on any other rights, themes, concepts, or characters of BUCKAROO BANZAI." He threatened that "[i]f MGM continues with this project, [his] clients will be forced to consider all available legal options and remedies to confirm their rights."

27.     The following day, August 12, 2016, Defendants' counsel sent another letter to MGM admitting that he had sent emails to Amazon Studios and WME Entertainment and stating that "[t]o the extent, MGM is attempting to develop a project with Amazon based upon the world of BUCKAROO BANZAI, MGM does not have the rights to do so. I would hope MGM would advise Amazon and anyone else with whom they have been working on such a project of my clients['] rights in BUCKAROO BANZAI. If you do not do so, then we will need to provide WME and Amazon with all of our correspondence on this rights issue."

28.     On August 18, 2016, Plaintiffs' outside counsel sent a letter to Defendants' counsel rejecting Defendants' claims, explaining the source of

Mitchell
Silberberg &
Knupp LLP

14

8397672.1

MGM's rights, and also reminding Defendants' counsel that his clients had sat on their purported rights for at least five years, thereby causing their meritless claims to be time-barred.

29.   On September 13, 2016, Defendants' counsel responded, but rather than acknowledging MGM's rights and agreeing to cease and desist with contacting MGM's business associates, he continued to assert that "Mr. Rauch owns the copyright in the Buckaroo Banzai world and its characters, themes and elements," and that "[i]f MGM continues forward with any such development without my clients' permission, they will be forced to consider all legal options to protect their rights."

30.   In this letter, Defendants' counsel also asserted that Rauch had written "five stories" involving the *Buckaroo Banzai* character prior to writing the screenplay commissioned by Plaintiffs' predecessor-in-interest.  Although he asserted that Rauch owned all of the rights to these stories and the characters described therein, including *Buckaroo Banzai*, Defendants' counsel admitted that Rauch and Richter had submitted all five of the stories as well as related literary materials, in what he referred to as "A *Buckaroo Banzai* Sampler," to Plaintiffs' predecessor-in-interest at the time they "pitched" the motion picture project in 1981.  Even assuming that is true, as discussed above, Rauch executed a "Certificate of Authorship" in connection with the production of the motion picture, certifying that Plaintiffs' predecessor-in-interest owned "all literary material (the "Material") submitted, and to be submitted, by [Rauch] in connection with a motion picture tentatively titled 'Shields Against the Devil' aka 'Buckaroo Banzai.'"

1

**Defendants' Statements to the Media**

2      31.   Defendants not only sent maligning emails to MGM's business

3   associates, they orchestrated a publicity campaign to intentionally interfere with

4   MGM's *Buckaroo Banzai* project.

5      32.   On or about October 4, 2016, Richter gave an interview to "Film Buff

6   Online."  In the interview, he asserted that the "Buckaroo Banzai Sampler" had

7   been submitted to Plaintiffs' predecessor-in-interest.  He also made multiple false

8   statements.  These statements include, without limitation, that "David Begelman

9   [of MGM] basically commissioned a screenplay based on a piece of literary

10   material that MGM didn't own and then David Begelman went off and made and

11   released a movie based on it.  It's the equivalent of releasing a movie based on a

12   Stephen King book but forgetting to buy the book from Stephen."

13      33.   On or about October 13, 2016, Richter and Rauch published more

14   false statements, this time on the "Banzai Institute" Facebook website page.   Their

15   intent was to poison the relationship between Plaintiffs and fans of the original

16   movie.  On the Facebook website page, Defendants admitted that "[f]or over thirty

17   years we've sat back and watched the ostensible 'ownership rights' to 'THE

18   ADVENTURES OF BUCKAROO BANZAI ACROSS THE 8TH DIMENSION'

19   bounce around the entertainment and financial industries, unloved in libraries thick

20   with more commercially successful films."

21      34.   All of these statements were made in breach of Defendants' contracts

22   with Plaintiffs' predecessors-in-interest, which provide that Defendants shall not

23   circulate, publish or otherwise disseminate any news stories, articles, books, or

24   other publicity containing their names and relating directly or indirectly to their

25   employment, the subject matter of those agreements, or the *Buckaroo Banzai*

26   picture, unless first approved in writing by Plaintiffs' predecessors-in-interest.

27

28

Mitchell
Silberberg &
Knupp LLP

16

## CLAIMS FOR RELIEF

## COUNT I

## (DECLARATORY JUDGMENT OF COPYRIGHT OWNERSHIP)

35.    Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1-34.

36.    An actual and justiciable controversy exists between the parties as to whether Defendants have a right to prevent the production, reproduction, distribution, display, performance, and authorization of a television series based on the *Buckaroo Banzai* screenplay and motion picture, and the characters, plots, themes, dialogue, mood, settings, pace, sequence of events, and other protected elements therein, using any and all media whether now known or hereafter devised, as well as any merchandising rights in connection with any such series.

37.    Plaintiffs are entitled to a declaratory judgment, pursuant to 28 U.S.C. §§ 2201 and 2202 and Federal Rule of Civil Procedure 57, that under Defendants' agreements and the Copyright Act of 1976, Defendants cannot prevent the production, reproduction, distribution, display, performance, and authorization of a new television series based on the *Buckaroo Banzai* screenplay and motion picture, and the characters, plots, themes, dialogue, mood, settings, pace, sequence of events, and other protected elements therein, using any and all media whether now known or hereafter devised, as well as any merchandising rights in connection with any such series.

38.    Plaintiffs are entitled to their attorney's fees and full costs, including under 17 U.S.C. § 505.

Mitchell
Silberberg &
Knupp LLP

8397672.1

17

## COUNT II

### (DECLARATORY JUDGMENT OF COPYRIGHT OWNERSHIP)

39.     Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1-34.

40.     An actual and justiciable controversy exists between the parties as to whether Plaintiffs are the legal and beneficial owners of all exclusive rights under copyright to *Buckaroo Banzai*, including the exclusive right to develop, produce, and distribute a new television series based on *Buckaroo Banzai*.

41.     Defendants' services on *Buckaroo Banzai* were on a "work-made-for-hire" basis.  Thus, Plaintiffs' predecessor-in-interest—not Defendants—qualifies as the author of the screenplay and motion picture, and the characters, plots, themes, dialogue, mood, settings, pace, sequence of events, and other protected elements therein.

42.     In the alternative, Defendants assigned to Plaintiffs' predecessors-in-interest all exclusive rights under copyright to the screenplay and motion picture, and the characters, plots, themes, dialogue, mood, settings, pace, sequence of events, and other protected elements therein.

43.     At all relevant times, Plaintiffs and their predecessors-in-interest had creative control over the *Buckaroo Banzai* project.  They contributed copyrightable elements directly in addition to authoring the motion picture and screenplay as works made for hire.

44.     Plaintiffs are entitled to a declaratory judgment, pursuant to 28 U.S.C. §§ 2201 and 2202 and Federal Rule of Civil Procedure 57, that Plaintiffs, and not Defendants, own all exclusive rights under copyright to *Buckaroo Banzai*, including without limitation, the right to make derivative works using any and all media whether now known or hereafter devised.

Mitchell
Silberberg &
Knupp LLP

18

COMPLAINT FOR DECLARATORY JUDGMENT

8397672.1

45.     Plaintiffs are entitled to their attorney's fees and full costs, including under 17 U.S.C. § 505.

## COUNT III

## (DECLARATORY JUDGMENT OF COPYRIGHT OWNERSHIP)

46.     Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1-34.

47.     An actual and justiciable controversy exists between the parties as to whether Defendant Rauch signed away all rights to all literary materials submitted in connection with his services and writing of the *Buckaroo Banzai* screenplay.

48.     Rauch and his counsel have asserted that Rauch submitted and relied on preexisting written works involving *Buckaroo Banzai* in connection with the motion picture project.  Rauch and his counsel have also asserted that Plaintiffs do not own the copyrights to said works, even though he signed a "Certificate of Authorship" agreeing that Days Picture Corporation (at that time the successor to Metro-Goldwyn-Mayer Film Company) owned all literary materials submitted in connection with *Buckaroo Banzai.*  Specifically, the "Certificate of Authorship" that Rauch signed provided that Days Picture Corporation owned "all literary material (the 'Material') submitted, and to be submitted, by Artist in connection with a motion picture tentatively titled 'SHIELDS AGAINST THE DEVIL' aka 'BUCKAROO BANZAI'" and that all such literary works "were written and/or will be written by [Rauch] as an employee for hire of [Days Picture Corporation] and that the Material was written or created and will be written or created by [Rauch] as a work made for hire specially ordered or commissioned by [Days Picture Corporation] for use as part of a motion picture, with [Days Picture Corporation] being deemed the author of the Material and entitled to the copyrights (and all extensions and renewals of copyrights) therein and thereto, with the right

Mitchell
Silberberg &
Knupp LLP

19

1  to make such changes therein and such uses thereof as [Days Picture Corporation]

2  may from time to time determine as such author."

3        49.    As Rauch and his counsel have stated, Rauch submitted in connection

4  with the motion picture project all of the materials he had previously written

5  relating to *Buckaroo Banzai*.  Accordingly, as agreed by Rauch, all such materials

6  were works for hire authored and owned by Days Picture Corporation, Plaintiffs'

7  predecessor-in-interest.

8        50.    Furthermore, in Paragraph 8 of Exhibit A to the April 9, 1981 long-

9  form agreement signed by Rauch, between JBG, which was the alter ego of Rauch,

10  and Metro-Goldwyn-Mayer Film Company, Rauch represented and warrantied that

11  use of *Buckaroo Banzai* "in any form, adaptation or version" would not "infringe

12  any copyright, literary, dramatic, photo-play or common law rights of any person,

13  firm or corporation…."  Rauch also represented and warrantied "that no incident

14  therein or part thereof is or shall be taken or copied from or based upon any other

15  source…."  Rauch further "agree[d] to indemnify [Metro-Goldwyn Mayer Film

16  Company], its successors, assigns, licensees, officers and employees, and hold

17  them harmless from and against any and all liability, losses, damages, costs,

18  expenses (including but not limited to attorneys' fees), judgments and penalties

19  arising out of, resulting from, based upon or incurred because of the breach of any

20  warranty made by [JBG] or [Rauch]."

21        51.    In the memorandum agreement of that same date, Rauch personally

22  agreed that the deal would include Metro-Goldwyn-Mayer-Film Company's

23  Standard Terms (i.e., Exhibit A to the long-form agreement).  Furthermore,

24  attached to the long-form agreement, behind the Standard Terms, was an

25  "Agreement of Writer" signed personally by Rauch on or about September 9,

26  1981.  In this document, Rauch agreed that JBG had "the right to enter into said

27  agreement and to grant all rights therein granted…"  Rauch also agreed "to

28

Mitchell
Silberberg &
Knupp LLP

COMPLAINT FOR DECLARATORY JUDGMENT

8397672.1

perform said agreement in all respects.…"  Rauch also agreed that he was "bound by all of the provisions [of the agreement] related to [Rauch]."

52.     Plaintiffs own the copyrights to all literary materials written by Rauch related to *Buckaroo Banzai* and relied on by Rauch to create the screenplay for the motion picture.  In the alternative, if Rauch relied on preexisting works to which Plaintiffs do not own the rights, Rauch did so in breach of his warranties, and must indemnify Plaintiffs from and against all liability, losses, damages, costs, expenses (including but not limited to attorney's fees), judgments and penalties arising out of, resulting from, based upon or incurred because of such breaches.

53.     Plaintiffs are entitled to a declaratory judgment, pursuant to 28 U.S.C. §§ 2201 and 2202 and Federal Rule of Civil Procedure 57, that:

a.     Rauch signed away all rights to all literary materials submitted in connection with his services and the *Buckaroo Banzai* screenplay and motion picture, and Plaintiffs own the copyrights to all such literary materials; or

b.     in the alternative, Rauch breached his warranties in Paragraph 8 of the Standard Terms, and must indemnify Plaintiffs from and against all liability, losses, damages, costs, expenses (including but not limited to attorney's fees), judgments and penalties arising out of, resulting from, based upon or incurred because of such breaches.

54.     Plaintiffs are entitled to their attorney's fees and full costs, including under 17 U.S.C. § 505.

Mitchell
Silberberg &
Knupp LLP

21

8397672.1

## COUNT IV

### (DECLARATORY JUDGMENT THAT THE STATUTE OF LIMITATIONS BARS DEFENDANTS' OWNERSHIP CLAIMS)

55.     Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1-34.

56.     Plaintiffs and their predecessors-in-interest openly asserted ownership of the copyrights at issue, including the right to make derivative works of *Buckaroo Banzai*, and Defendants were aware that Plaintiffs and their predecessors-in-interest were making such works more than three years before the filing of this lawsuit.

57.     Accordingly, the statute of limitations, 17 U.S.C. § 507(b), bars Defendants from asserting that Plaintiffs do not own the copyright to the *Buckaroo Banzai* motion picture and screenplay, and the characters, plots, themes, dialogue, mood, settings, pace, sequence of events, and other protected elements therein, and from asserting that Plaintiffs do not own all rights to exploit the same or to make derivative works, including without limitation, a television series and merchandise.

58.     Plaintiffs are entitled to a declaratory judgment, pursuant to 28 U.S.C. §§ 2201 and 2202 and Federal Rule of Civil Procedure 57, that Defendants are barred by the statute of limitations, 17 U.S.C. § 507(b), from asserting that Plaintiffs do not own the copyright to the *Buckaroo Banzai* motion picture and screenplay, and the characters, plots, themes, dialogue, mood, settings, pace, sequence of events, and other protected elements therein, and from asserting that Plaintiffs do not own all rights to exploit the same or make derivative works, including without limitation, a television series and merchandise.

59.     Plaintiffs are entitled to their attorney's fees and costs, including under 17 U.S.C. § 505.

Mitchell
Silberberg &
Knupp LLP

COMPLAINT FOR DECLARATORY JUDGMENT

8397672.1

## COUNT V

## (DECLARATORY JUDGMENT THAT ESTOPPEL BARS DEFENDANTS' OWNERSHIP CLAIMS)

60.     Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1-34.

61.     Plaintiffs and their predecessors-in-interest openly asserted ownership of the copyrights at issue, including the right to make derivative works of *Buckaroo Banzai*, and Defendants were aware that Plaintiffs and their predecessors-in-interest were making such works more than three years before the filing of this lawsuit.

62.     Plaintiffs justifiably relied on Defendants' silence and inaction in the face of Defendants' actual knowledge of Plaintiffs' position that they owned all rights to *Buckaroo Banzai*.  As a result, Defendants are estopped from asserting any ownership rights to the *Buckaroo Banzai* motion picture and screenplay, or the characters, plots, themes, dialogue, mood, settings, pace, sequence of events, and other protected elements therein, and from asserting that Plaintiffs do not own all rights to exploit the same or to make derivative works, including without limitation, a television series and merchandise.

63.     Plaintiffs are entitled to a declaratory judgment, pursuant to 28 U.S.C. §§ 2201 and 2202 and Federal Rule of Civil Procedure 57, that Defendants are estopped from asserting any ownership rights to *Buckaroo Banzai* motion picture and screenplay, or the characters, plots, themes, dialogue, mood, settings, pace, sequence of events, and other protected elements therein, and from asserting that Plaintiffs do not own all rights to exploit the same or to make derivative works, including without limitation, a television series and merchandise.

64.     Plaintiffs are entitled to their attorney's fees and costs, including under 17 U.S.C. § 505.

Mitchell
Silberberg &
Knupp LLP

COMPLAINT FOR DECLARATORY JUDGMENT

1

2 **<u>PRAYER FOR RELIEF</u>**

3        WHEREFORE, Plaintiffs pray that this Court enter judgment in their favor

4 and against Defendants, and each of them, as follows:

5        1.        On Count I, issuing a declaration that under Defendants' agreements

6 and the Copyright Act of 1976, Defendants cannot prevent the production,

7 reproduction, distribution, display, performance, and authorization of a new

8 television series based on the *Buckaroo Banzai* screenplay and motion picture, and

9 the characters, plots, themes, dialogue, mood, settings, pace, sequence of events,

10 and other protected elements therein, using any and all media whether now known

11 or hereafter devised, as well as any merchandising rights in connection with any

12 such series;

13       2.        On Count II, issuing a declaration that Plaintiffs, not Defendants, own

14 all exclusive rights under copyright to the *Buckaroo Banzai* screenplay, the

15 *Buckaroo Banzai* motion picture, and all characters, plots, themes, dialogue, mood,

16 settings, pace, sequence of events, and other protected elements therein, including

17 without limitation, the right to make derivative works using any and all media

18 whether now known or hereafter devised;

19       3.        On Count III, issuing a declaration that:

20               a.        Rauch signed away all rights to all literary materials submitted

21                         in connection with his services and the *Buckaroo Banzai*

22                         screenplay and motion picture, and Plaintiffs own the

23                         copyrights to all such literary materials; or

24               b.        in the alternative, Rauch breached his warranties in Paragraph 8

25                         of the Standard Terms, and must indemnify Plaintiffs from and

26                         against all liability, losses, damages, costs, expenses (including

27                         but not limited to attorney's fees), judgments and penalties

28

Mitchell
Silberberg &
Knupp LLP

8397672.1

24

arising out of, resulting from, based upon or incurred because of such breaches;

4. On Count IV, issuing a declaration that Defendants are barred by the statute of limitations, 17 U.S.C. § 507(b), from asserting that Plaintiffs do not own the copyright to the *Buckaroo Banzai* motion picture and screenplay, and the characters, plots, themes, dialogue, mood, settings, pace, sequence of events, and other protected elements therein, and from asserting that Plaintiffs do not own all rights to exploit the same or make derivative works, including without limitation, a television series and merchandise;

5. On Count V, issuing a declaration that Defendants are estopped from asserting any ownership rights to *Buckaroo Banzai* motion picture and screenplay, or the characters, plots, themes, dialogue, mood, settings, pace, sequence of events, and other protected elements therein, and from asserting that Plaintiffs do not own all rights to exploit the same or to make derivative works, including without limitation, a television series and merchandise; and

6. On all Counts:

    a. an award to Plaintiffs of their attorney's fees and full costs, including pursuant to 17 U.S.C. § 505;

    b. a speedy hearing pursuant to Federal Rule of Civil Procedure 57; and

    c. all such further relief as the Court may deem just and proper.

Mitchell
Silberberg &
Knupp LLP

25

COMPLAINT FOR DECLARATORY JUDGMENT

8397672.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DATED:  November 23, 2016

ROBERT H. ROTSTEIN
ELAINE K. KIM
MITCHELL SILBERBERG & KNUPP LLP

/s/ Robert H. Rotstein
ROBERT H. ROTSTEIN
Attorneys for Plaintiffs
MGM Television Entertainment Inc., Orion
Pictures Corporation, and PFE Library
Acquisition Company, Inc.

Mitchell
Silberberg &
Knupp LLP

26

COMPLAINT FOR DECLARATORY JUDGMENT

8397672.1